

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| THE STATE OF TEXAS, | § | No. 08-12-00095-CR |
| Appellant, | § | Appeal from the |
| v. | § | County Court at Law No. 7 |
| JAVIER TERRAZAS, | § | of El Paso County, Texas |
| Appellee. | § | (TC# 20110C04803) |

**O R D E R**

The Court on its own motion ORDERS the trial court to prepare supplemental findings of fact and conclusions of law relating to the Motion to Suppress, as set out below.

We have reviewed the findings of fact and conclusions of law prepared by the trial court in this matter. After reviewing these findings, we have determined that critical findings pursuant to Section 724.012(b)(3)(B) of the Texas Transportation Code are missing. Thus, we remand this case so that the trial court can make the critical findings. *See* TEX.R.APP.P. 44.4; *State v. Elias*, 339 S.W.3d 667, 676-77 (Tex.Crim.App. 2011).

Section 724.012(b)(3)(B) provides the following:

(b) A peace officer shall require the taking of a specimen of the person's breath or blood under any of the following circumstances if the officer arrests the person for an offense under Chapter 49, Penal Code, involving the operation of a motor vehicle . . . and the person refuses the officer's request to submit to the taking of a specimen voluntarily:

.                    .                    .

(3) at the time of the arrest, the officer possesses or receives reliable information from a credible source that the person:

.                    .                    .

(B) on two or more occasions, has been previously convicted of or placed on community supervision for an offense under Section 49.04 [Driving While Intoxicated] . . . .

TEX.TRANSP.CODE ANN. § 724.012(b)(3)(B)(West 2011).

We conclude that under Section 724.012(b)(3)(B), critical findings are (1) whether at the time of the arrest, the officer received reliable information and (2) whether the source of the information was credible. In looking at the trial court's findings of fact and conclusions of law, we note that although the trial court made a finding that a DIMS clerk informed Officer Castaneda that Mr. Terrazas had two previous convictions for driving while intoxicated, the trial court made no finding as to whether at the time of the arrest this information was (1) reliable and (2) from a credible source.

The trial court shall, within thirty (30) days after the date of this order, (1) produce written findings of fact and conclusions of law pertinent to the ruling on the Motion to Suppress, including the critical findings noted above and forward the same to the County Clerk of El Paso County; and (2) the County Clerk of El Paso County shall prepare and file a supplemental clerk's record containing the written findings of fact and conclusions of law with the Clerk of this court within forty-five (45) days after the date of this order.

IT IS SO ORDERED THIS 23RD DAY OF APRIL, 2013.

PER CURIAM

2